UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ESCOBAR-GARIBALDI,<br><br>        Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil No. 3:13-cv-1730-AJB<br><br>[Related Criminal No.<br>3:11-cr-00200-AJB-1]<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 35] |

    Daniel Escobar-Garibaldi ("Petitioner") moves this Court to reduce his time in federal custody pursuant to 28 U.S.C. § 2255, arguing that Petitioner was sentenced to a higher guideline range than what he believed was proper. For the following reasons, the Court **DENIES** the motion.

## DISCUSSION

    On December 28, 2011, pursuant to a written plea agreement, Petitioner pled guilty to Count 1 of the Information in Criminal Case No. 11cr00200-AJB charging a violation of 8 U.S.C. § 1326 (a) and (b). (*See* Conditional Plea Agreement, Doc. No. 11.) The Court sentenced Petitioner on May 19, 2011 to forty-six (46) months imprisonment and three (3) years of supervised release. (*See* Judgment Doc. No. 33.)

In Title 28 of the United States Code, Section 2255 provides that if a petitioner's motion, file, and records "conclusively show that the movant is entitled to no relief," the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a Section 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(a), Rules governing Section 2255 Proceedings for the United States District Courts, 281 U.S.C. foll. § 2255 (West 2009). Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows,* 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A defendant may waive his right to file a Section 2255 motion to challenge his sentence, but such a waiver must state so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). However, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Rahman,* 642 F.3d 1257, 1259 (9th Cir. 2011); *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005). Petitioner's plea agreement states in part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived. If the defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Addition-

ally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

( 3:11-cr-010200-AJB, Doc. No. 11 at 3.)  The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining" *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). Courts will generally enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998).  Here, defendant's sentence was below the high end of the guideline range recommended by the Government pursuant to the agreement at the time of sentencing. The government submitted a guideline range of 46 to 57 months, and the court sentenced defendant to the low end. The Court concludes that both of these requirements are met for a waiver to exist in this case.  Accordingly, Petitioner's motion is barred and must be dismissed because of his plea agreement waiver.

Even if Petitioner had not waived his right to attack his conviction and sentence, Petitioner's motion would fail on the merits.  Petitioner lacks any support for his arguments that the Court should make a departure because Petitioner initialed and signed the plea agreement which clearly stated the Adjusted Offense Level totaling nineteen (19)[1]. Combined with a Criminal History Category of IV, the resulting guideline range is forty-six (46) to fifty-seven (57) months.  Petitioner argues that he should have been sentenced to an Adjusted Offense Level of fifteen (15): base level for crime sentenced of twelve (12) points, plus prior conviction upper enhancement of six (6) points, less reduction for accepting responsibility of three (3) points. However, nothing in the record supports Petitioner's contention and calculation.

---

[1] Base offense level of eight (8), plus prior conviction upper enhancement of sixteen (16), less adjustment made for acceptance of responsibility of three (3) and fast track of two (2), totaling nineteen (19).

What the United States Attorney chooses to offer as part of any plea agreement is within the province of the United States Attorney. The Court is prohibited from participating in the plea bargaining process. Fed. R. Crim. P. 11(c)(1).

At sentencing, and by statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." In sentencing Petitioner, the Court considered all of the potential departures available in determining the advisory guidelines applicable in this case.

In addition, under 18 U.S.C. § 3553(b) and by law, the Court can depart outside the Advisory Guideline System for reasons set forth in the factors of and policy reasons behind the Federal Sentencing Statute, 18 U.S.C. § 3553(a). All relevant factors were taken into consideration at the time of Mr. Escobar-Garibaldi's sentencing.

## **CONCLUSION**

Based on the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate Under 28 U.S.C. § 2255. (Doc. No. 35)

IT IS SO ORDERED.

DATED: September 25, 2013

Hon. Anthony J. Battaglia
U.S. District Judge